**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOSE VASQUEZ-ZAVALA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1425-R** |
| | ) | |
| **WARDEN DR. SCARLET GRANT, et al.,**[1] | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

[1] The Court directed the Clerk to send a copy of the Petition to the United States Attorney for this District "on Respondent's behalf." Doc. 5, at 1-2. The U.S. Attorney entered an appearance on behalf of Mr. Robert Cerna, the Acting Director of the Dallas Field Office of ICE Enforcement and Removal Operations, but not on behalf of Respondent Grant, the former Warden of the Diamondback Correctional Facility, or Chris Gantt, the current Warden of the facility. Doc. 6; Doc. 7, at 1 n.1. Warden Gantt is Petitioner's immediate custodian and remains a proper Respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The undersigned therefore adds Robert Cerna as a Respondent and references to "Respondents" in this Report and Recommendation include both Warden Gantt and Mr. Cerna. *See* 28 U.S.C. § 2243 (writ "shall be directed to the person having custody of the person detained").

Petitioner Jose Vazquez-Zavala, a noncitizen proceeding pro se,[2] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] United States District Judge David L. Russell referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. The Government responded, Doc. 7, and the time for Petitioner to reply has lapsed, so the matter is at issue.

For the reasons below, the undersigned recommends the Court grant the petition in part and order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or else release Petitioner.

## I. Factual background and procedural history.

Petitioner is a noncitizen who alleges Immigration and Customs Enforcement (ICE) has detained him since January 2026 without a bond hearing. Doc. 1, at 6. Respondents acknowledge that binding case law requires

---

[2] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

him to receive such a hearing, but they do not waive their contrary position. Doc. 7 at 1 & n.2.

## II. Petitioner's claims.

Petitioner raises three grounds for relief:

(1) Prolonged detention without a bond hearing where IICE has the burden of proof;

(2) Violation of ICE's regulations and the Administrative Procedure Act because he has not received a custody review; and

(3) Unconstitutional conditions of confinement.

Doc. 1, at 6.

Petitioner asks the Court to order his immediate release or, in the alternative, to order a prompt bond hearing where ICE bears the burden of proof; an order that Respondents not re-detain him absent a violation of his conditions of release; an order directing a response to the petition in seven days; and to expedite the petition.[4]

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of

[4] The Court addressed Petitioner's last two requests in part in its Order for Response, Doc. 5.

the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Discussion.

### A. 8 U.S.C. § 1226 governs Petitioner's detention.

"[T]his Court has previously construed [8 U.S.C.] § 1225(b)(2)(A) as unambiguously requiring that an 'applicant for admission' also be 'seeking admission' for the section to control." *Munoz v. Grant*, No. CIV-26-544-D, 2026 WL 1078862, at *1 (W.D. Okla. April 20, 2026). "This conclusion is in accord with *Santillan Quiroz* [*v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026)], in which the Tenth Circuit held that '§ 1225(b)(2)(A)'s application is limited to the border.'" *Ramos Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *1 (W.D. Okla. July 14, 2026); *see Santillan Quiroz*, 180 F.4th at 1237 ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

ICE detained Petitioner inside the United States. Doc. 1, at 6. Neither party provides any details about Petitioner's history. Still, he "does not fall into the mandatory detention provision of § 1225(b)(2)(A)." *See Ramos Perez*, 2026 WL 2033144, at *2 ("[B]ecause Petitioner has been residing in the United States for an unknown length of time and was present in the country when he was detained, Petitioner does not fall into the mandatory detention provision of § 1225(b)(2)(A)."). Instead, § 1226(a) controls his detention and entitles him to a bond hearing. *Id.* (citing *Santillan Quiroz*, 180 F.4th at 1251 n.13).

The Court should grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within seven days, or else release Petitioner. *See Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).").

### B. The Court should decline to address Petitioner's remaining claims.

Given the undersigned's recommendation to grant Petitioner a bond hearing, the Court should decline to address the merits of Petitioner's remaining claims for relief. The Court can grant him relief under § 1226(a). *See Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim."); *see also Ramos Perez*, 2026 WL 2033144, at *2 n.2 (declining to address the petitioner's remaining claims after ordering a bond hearing). And the undersigned agrees with Respondents, Doc. 7, at 3-4, that the Court cannot grant relief for Petitioner's conditions of confinement claim in a habeas action. *Munoz v. Blanche*, No. CIV-26-1688-J, 2026 WL 2532095, at *4 (W.D. Okla. Aug. 27, 2026) (finding that "a detainee's challenge to the conditions of his confinement must be brought through a civil rights action under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).").

## V. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court grant Petitioner's habeas petition in part and **order Respondents to provide Petitioner with an individualized bond hearing before a neutral Immigration Judge within seven days or else release Petitioner.**

**The undersigned also recommends that the Court order Respondents to certify their compliance with the Court's order by filing a status report within ten business days of the Court's order, and to promptly provide a copy of this order to counsel for the Warden of the Cimarron Correctional Facility.**

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by September 11, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[5] The undersigned further advises the parties that failure to

---

[5] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the

make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 1st day of September, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process").